IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:23-cv-00294-MR

| MATTHEW S. REVIS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **O R D E R** |
| TRACEY BUCHANAN, et al., | ) | |
| Defendants. | ) | |

**THIS MATTER** is before this Court on initial review of Plaintiff's Complaint [Doc. 1], filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e)(2); 1915A. Plaintiff is proceeding *in forma pauperis*. [Docs. 2; 6].

**I.      BACKGROUND**

*Pro se* Plaintiff Matthew S. Revis ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at the Avery-Mitchell Correctional Institution in Spruce Pine, North Carolina. On October 16, 2023, he filed this action pursuant to 42 U.S.C. § 1983 against Defendant Tracey Buchanan, who is identified as the Jail Administrator of the Avery County Jail (the "Jail"); Defendant Steve Davis, who is identified as a Deputy Jailer at the Jail; and Defendant Hailey Hicks, who is identified as an "on site medical caregiver"

at the Jail; all in their individual and official capacities. [Doc. 1 at 2-3]. Plaintiff alleges as follows:

Plaintiff alleges that while he was a pre-trial detainee at the Jail, it had a policy requiring inmates to be "either sitting or walking in the day area" during certain periods of the day. [Doc. 1-1 at 2]. On October 19, 2022, during one such period, Plaintiff began feeling ill and requested that Defendant Davis allow him to return to his cell to lie down.[1] [Id. at 3]. Davis told Plaintiff he would not be allowed to return to his cell and when Plaintiff complained, Davis escorted him to a padded detox cell and placed him inside by himself. [Id.]. Once inside, Davis ordered Plaintiff to strip naked and when he protested, Davis drew his pepper spray and pointed it at Plaintiff "so that the nozzle was approximately an inch from [Plaintiff's] open left eye." [Id.]. Davis, without warning, then sprayed pepper spray into Plaintiff's eye "at point blank range, knocking [Plaintiff's] eye back in the socket." [Id.]. Plaintiff hurriedly stripped naked to comply with Davis's request, but Davis continued spraying his body and groin with pepper spray until the container was empty. [Id. at 4]. After this encounter, Davis left Plaintiff in the padded detox cell

---

[1] Plaintiff alleges that Defendant Hicks, who was responsible for his medication, routinely forgot to provide him with his medicine or administered it in incorrect doses. [Doc. 1-1 at 3]. He alleges that these "staggered doses of medication" caused his illness on October 19, 2022. [Id.].

2

alone, "naked, blind, and burning." [Id.]. Plaintiff was held in the padded detox cell with no toilet or sink for three days. [Id.]. During this period, he was forced to "plead multiple times to use the restroom[.]" [Id.].

After the incident, Defendant Buchanan "refused to allow Plaintiff . . . to speak to law enforcement . . . to file a report." [Id. at 5]. Additionally, Plaintiff has repeatedly filed medical requests and grievances regarding his eye condition, and Defendant Hicks has responded that she would schedule Plaintiff an appointment with an eye doctor. [Id.]. However, as of the date the Complaint was filed, Plaintiff had not seen an eye doctor. [Id.]. Since the October 19 incident, Buchanan has ordered Plaintiff to clean "th[e] large day area" repeatedly, without pay, and Buchanan has "confined Plaintiff to isolation six times for refusing[,]" observing "[n]o due process . . . for these periods of isolation." [Id. at 5-6]. "[Plaintiff] has also been forced to strip naked and confined to the padded detox cell multiple times since the incident without due process, for days at a time, for challenging unconstitutional rules and policies." [Id.].

Plaintiff claims that the alleged conduct violated his rights under the First, Fifth, Eighth, Thirteenth, and Fourteenth Amendments to the United States Constitution. For injuries, Plaintiff alleges that despite months passing, he has not fully regained sight in his left eye. [Id. at 4]. As relief,

3

Case 1:23-cv-00294-MR   Document 8   Filed 01/16/24   Page 3 of 13

he seeks a permanent injunction prohibiting the Jail from enforcing its policy requiring inmates to be upright in the day area during certain periods of the day, compensatory and punitive monetary relief, and the costs of filing this action. [Id. at 6-7].

## II. STANDARD OF REVIEW

This Court must review Plaintiff's Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and this Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520

4

(1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts which set forth a claim that is cognizable under federal law. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023).

While Plaintiff purports to state claims under the First, Fifth, Eighth, Thirteenth, and Fourteenth Amendments, those claims fairly raised by his Complaint will be addressed, regardless of their labeling.

### A. Official Capacity Claims

Suits against an officer in his official capacity "generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165 (1985) (quoting Monell v. Dep't of Soc. Servs. of the City of New York, 436 U.S. 658, 690 n.55 (1978)). The Office of Sheriff is not liable under § 1983 for an employee's acts "unless

action pursuant to official municipal policy of some nature caused [the] constitutional tort." Collins v. City of Harker Heights, 503 U.S. 115, 120-21 (1992) (quoting Monell, 436 U.S. at 691). That is, "[f]or a governmental entity to be liable under section 1983, the official policy must be the moving force of the constitutional violation." Moore v. City of Creedmoor, 345 N.C. 356, 366, 481 S.E.2d 14, 21 (1997) (internal quotation marks and citations omitted). "Thus, the entity's 'policy or custom' must have played a part in the violation of federal law." Id. (quoting Monell, 436 U.S. at 694).

Plaintiff has not alleged that any of the defendants committed constitutional torts against him pursuant to official policy or custom, nor that such policy or custom was the moving force of the alleged constitutional violations. Accordingly, his official capacity claims do not survive initial review and will be dismissed.

B. **Individual Capacity Fourteenth Amendment Claims**

1. **Conditions of Confinement**

"[A] pretrial detainee has a right under the Due Process Clause to be free from punishment before his guilt is adjudicated." Tate v. Parks, 791 F. App'x 387, 390 (4th Cir. 2019) (citing Bell v. Wolfish, 441 U.S. 520, 535 (1979)). An individual pretrial detainee may raise a substantive due process challenge to his conditions of confinement "where they are so

6

disproportionate or arbitrary that they are not related to legitimate penological objectives and amount to punishment." Id. (citing Williamson v. Stirling, 912 F.3d 154, 174-76 (4th Cir. 2018)). "To prevail on such a claim, a detainee must show that the challenged treatment or conditions were either (1) imposed with an express intent to punish, or (2) not reasonably related to a legitimate nonpunitive objective, in which case an intent to punish may be inferred." Id. (citing Williamson, 912 F.3d at 178).

Plaintiff alleges that since the October 19 incident, Defendant Buchanan has ordered Plaintiff to clean "th[e] large day area" repeatedly, without pay, and that Buchanan "confined Plaintiff to isolation six times for refusing[,]" without affording Plaintiff due process. [Doc. 1-1 at 5-6]. Plaintiff further alleges that Buchanan has forced him to strip naked and has confined him to the padded detox cell for days at a time on multiple occasions since the incident, without due process. [Id.]. Taking these allegations as true for the purpose of this initial review and drawing all reasonable inferences in Plaintiff's favor, his Fourteenth Amendment claim based on the conditions of his confinement against Defendant Buchanan is not clearly frivolous. Therefore, this claim survives initial review.

### 2. Right to Redress of Grievances

Plaintiff alleges Defendant Buchanan refused to allow him to speak to a detective to document the October 19 incident. [Doc. 1-1 at 5]. However, "the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). "An inmate thus cannot bring a § 1983 claim alleging denial of a specific grievance procedure." Booker v. S.C. Dep't of Corr., 855 F.3d 533, 541 (4th Cir. 2017). Moreover, even if the Plaintiff had a right to some administrative grievance procedure, such would not extend to an entitlement to involve outside law enforcement regarding the substance of such grievance. As such, Plaintiff's Fourteenth Amendment claim based on the right to redress of grievances does not survive initial review and will be dismissed.

### 3. Excessive Force

The Fourteenth Amendment "protects a pretrial detainee from the use of excessive force that amounts to punishment." Kingsley v. Hendrickson, 576 U.S. 389, 397 (2015). To state an excessive force claim, a pretrial detainee must show only that the force "purposely or knowingly used against him was objectively unreasonable." Id. The standard for assessing a pretrial detainee's excessive force claim is "solely an objective one." Id. In

determining whether the force was objectively unreasonable, a court considers the evidence "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." Id. (citing Graham, 490 U.S. at 396).

Plaintiff alleges that Defendant Davis ordered him to strip naked once inside the padded detox cell and that he sprayed Plaintiff in the eye with pepper spray at "point blank range" after Plaintiff complained. [Doc. 1-1 at 3]. Plaintiff further alleges that despite his efforts to quickly comply, Davis continued spraying his body and groin with pepper spray until Davis emptied the bottle. [Id. at 4]. Taking these allegations as true for the purpose of this initial review and drawing all reasonable inferences in Plaintiff's favor, his Fourteenth Amendment claim based on the use of excessive force against Defendant Davis is not clearly frivolous. Accordingly, this claim survives initial review.

### 4. Deliberate Indifference to Medical Needs

A pretrial detainee's claim based on deliberate indifference to a medical need is properly brought pursuant to the Fourteenth Amendment. See Short v. Hartman, Nos. 21-1396, 21-1397, 2023 WL 8488148, at *10 (4th Cir. Dec. 8, 2023). To state such a claim, a plaintiff must allege that:

> (1) they had a medical condition or injury that posed a substantial risk of serious harm; (2) the defendant

9

> intentionally, knowingly, or recklessly acted or failed to act to appropriately address the risk that the condition posed; (3) the defendant knew or should have known (a) that the detainee had the condition and (b) that the defendant's action or inaction posed an unjustifiably high risk of harm; and (4) as a result, the detainee was harmed.

Id. at *11. Under this standard, "the plaintiff [need not] show that the defendant had actual knowledge of the detainee's serious medical condition and consciously disregarded the risk that their action or failure to act would result in harm." Id. However, it is not enough "for the plaintiff to allege that the defendant negligently . . . failed to do right by the detainee." Id.

Plaintiff alleges that Defendant Hicks, "whether by negligence or malice, withheld [his] prescription medicine . . . 41 times[.]" [Doc. 1-1 at 6]. Plaintiff also alleges that he "kept a log, citing a total of 42 times wherein his medicine had either been forgotten or administered at an incorrect dose by Defendant Hicks and other members of the [J]ail's staff." [Id. at 3]. Plaintiff, however, makes no allegations regarding what prescription medications he was taking, what medical condition(s) he was taking them for, whether those condition(s) "posed a substantial risk of harm" to him, how often he was prescribed to take medication for those condition(s), or what risk Hicks's alleged inaction posed to Plaintiff. See Short, 2023 WL 8488148, at *11. Moreover, Plaintiff expressly asserts that Hicks's alleged omissions may

10

amount only to negligence, which is insufficient to state a claim for deliberate indifference. For these reasons, Plaintiff's Fourteenth Amendment claim based on deliberate indifference will be dismissed.

### 5. Failure to Transfer

Plaintiff alleges that Defendant Buchanan violated his rights by failing to transfer him to another correctional facility while awaiting trial. [See Doc. 1-1 at 6]. However, pretrial detainees have no right to be incarcerated in the facility of their choosing. See Olim v. Wakinekona, 461 U.S. 238, 245 (1982). As such, this claim does not survive initial review and will be dismissed.

### 6. Work Without Pay

A pretrial detainee has a right "under the Due Process Clause not to be punished prior to a conviction for some crime." See Hause v. Vaught, 993 F.2d 1079, 1085 (4th Cir. 1993). However:

> not every inconvenience encountered during pre-trial detention amounts to "punishment" in the constitutional sense. To establish that a particular condition or restriction of his confinement is constitutionally impermissible "punishment," the pretrial detainee must show either that it was (1) imposed with an expressed intent to punish or (2) not reasonably related to a legitimate non-punitive governmental objective, in which case an intent to punish may be inferred.

Martin v. Gentile, 849 F.2d 863, 870 (4th Cir. 1988).

Plaintiff alleges that Defendant Buchanan forced him "to clean the day area" without pay on several occasions. [Doc. 1-1 at 6]. However, "general housekeeping responsibilities," such as serving on cleaning detail, are not inherently punitive. See Hause, 993 F.2d at 1085. As such, it "cannot reasonably [be] infer[ed] from [Plaintiff's] characterization of his cleaning duties that . . . [Buchanan] intended to punish him." Id. Therefore, Plaintiff's Fourteenth Amendment claim based on being forced to work without compensation does not survive initial review and will be dismissed.

## O R D E R

**IT IS, THEREFORE, ORDERED** that Plaintiff's Fourteenth Amendment claim based on the conditions of his confinement against Defendant Buchanan and his Fourteenth Amendment claim based on excessive force against Defendant Davis survive initial review in accordance with the terms of this Order. The remainder of Plaintiff's claims are **DISMISSED.**

**IT IS FURTHER ORDERED** that Defendant Hicks is hereby **DISMISSED** as a defendant in this matter.

**IT IS FURTHER ORDERED** that the Clerk of Court shall direct the U.S. Marshal to effectuate service on Defendants Davis and Buchanan using the

Complaint [Doc. 1] and the summons Plaintiff filed in this matter [Doc. 1-2 at 1-4].

**IT IS SO ORDERED.**

Signed: January 15, 2024

Martin Reidinger
Chief United States District Judge