UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-00294-MR-WCM

| MATTHEW S. REVIS, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) ORDER |
| | ) |
| TRACEY BUCHANAN, et al., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**THIS MATTER** is before the Court on Plaintiff's "Response to Judicial Order From 04/22/2024." [Doc. 17].

Pro se Plaintiff Matthew S. Revis ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Mountain View Correctional Institution in Spruce Pine, North Carolina. Plaintiff filed this action on October 16, 2023, pursuant to 42 U.S.C. § 1983, against Defendants Tracey Buchanan, Steve Davis, and Hailey Hicks. [Doc. 1]. On January 16, 2024, Plaintiff's Complaint passed initial review against Defendants Buchanan and Davis, and Defendant Hicks was dismissed. [Doc. 8]. The Clerk issued the Summonses previously filed by Plaintiff to the U.S. Marshal for service on Defendants Buchanan and Davis. [Doc. 9]. Defendant Buchanan was served and timely answered Plaintiff's Complaint. [Docs. 10, 12]. The

Summons for Defendant Davis, however, was returned unexecuted on February 5, 2024. [Doc. 11]. On the unexecuted Summons, the U.S. Marshal swore under penalty of perjury that the summons was returned unexecuted because he was "unable to locate" Defendant Davis, who was "[n]o longer employed at Avery County Jail." [Doc. 11 at 3; see id. at 1]. It appears that Defendant Davis remains unserved.

On April 22, 2024, the Court notified Plaintiff that it would dismiss Defendant Davis without prejudice unless Plaintiff showed good cause for the failure to timely serve him. [Doc. 15]. Plaintiff timely responded to the Court's Show Cause Order. [Doc. 17]. As grounds for failing to serve Defendant Davis, Plaintiff states he "has been in contact with an aquaintance [*sic*] of Defendant Steve Davis" who claims that Defendant Davis "is just gonna try to keep dodging the Feds cause that's what [Defendant Buchanan and his attorney] told him to do." [Id. at 1-2]. Plaintiff further asserts "that it is not within his capabilities or his legal responsibilities to effectuate service of a summons on an individual who is actively dodging the process server" and that he "has reason to believe" that Defendant Davis "was still employed by Avery County Sheriff's Department" when the U.S. Marshal attempted service. [Id. at 2].

Generally, a plaintiff is responsible for effectuating service on each named Defendant within the time frame set forth in Fed. R. Civ. P. 4(m), and failure to do so renders the action subject to dismissal. Under Rule 4(m):

> If a defendant is not served within 90 days after the complaint is filed, the court---on motion or on its own motion after notice to the plaintiff---must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The service period in Rule 4(m) is tolled while the district court considers an *in forma pauperis* complaint. Robinson v. Clipse, 602 F.3d 605, 608 (4th Cir. 2010). Initial review of Plaintiff's Complaint in this case occurred on January 16, 2024. [Doc. 8]. Plaintiff, therefore, had until April 15, 2024 to serve Defendant Davis.

As noted, the Court notified Plaintiff that it would dismiss Defendant Davis without prejudice unless Plaintiff showed good cause for the failure to timely serve him. [Doc. 15]. As grounds for failing to serve Defendant Davis, Plaintiff offers only that he "has reason to believe" that Defendant Davis was employed at the Avery County Sheriff's Department at the time of attempted service and that he is not legally responsible for effecting service on someone "dodging" service. [Doc. 17]. Plaintiff's vague, unsupported, and conclusory assertions that conflict with the U.S. Marshal's statement under

penalty of perjury do not constitute good cause for failing to timely serve Defendant Davis. Because Plaintiff has failed to show good cause for his failure to serve Defendant Davis, the Court will dismiss Defendant Davis without prejudice. See Fed. R. Civ. P. 4(m).

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant Davis is **DISMISSED** without prejudice.

**IT IS SO ORDERED**.

Signed: May 10, 2024

Martin Reidinger
Chief United States District Judge